FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 29 P 2: 38

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA     *     CIVIL ACTION NO.:
for the Use and Benefit of         *
POLU KAI SERVICES, LLC       *     **06-10708**
                            *     SECTION "
VERSUS                   *    
                            *     MAGISTRATE " **SECT L MAG 1**
THE INS. CO. OF THE STATE   *
OF PENNSYLVANIA         *
                            *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, UNITED STATES

OF AMERICA for the Use and Benefit of Polu Kai Services, LLC, who files this Complaint

against Defendant, The Insurance Company of the State of Pennsylvania, and alleges as follows:

### JURISDICTION

1.

This is an action to recover on a bond required by the Miller Act.

2.

This court has subject matter jurisdiction of this cause pursuant to 40 U.S.C. § 3133.

Fee $350.00
Process
X Dktd
___ CtRmDep___
___ Doc. No___

## VENUE

### 3.

Venue is proper in the Eastern District of Louisiana.  All of the work ordered, and subsequent orders for work to be performed, originated in Slidell, Louisiana within St. Tammany Parish.  Moreover, it is within Plaintiff's best information and belief that the majority of workers who performed on this particular project worked out of the Eastern District of Louisiana, specifically in or around Slidell, Louisiana and/or New Orleans, Louisiana.

## CLAIM UNDER MILLER ACT

### 4.

On October 12, 2005, the United States of America, acting through Jean Todd of the Army Corps of Engineers, entered into Federal Contract # W912P9-05-D-0515 with Shaw Constructors, Inc.  Shaw Constructors, Inc., through Shaw Environmental, Inc., then entered into a written contract with Compass Environmental, Inc. (See - Shaw-Compass Work Agreement, attached as Exhibit "A").  In turn, Compass Environmental, Inc. contracted with Plaintiff Polu Kai Services, LLC who performed all of the actual work on the subject contract.  (See - Compass-Polu Kai Agreement, attached as Exhibit "B").

### 5.

Under the terms of the contract:

a.     Polu Kai agreed to furnish all the labor and materials and perform all work

required for the installation of tarps and other temporary roofing as part of a

program to repair homes situated in Sulfur, Louisiana; and

b.    The UNITED STATES was to pay Shaw Constructors the sum of $1.75 per sq.

foot.  Shaw Constructors was to pay Compass Environmental $.75 per sq. ft.  In

turn, Compass Environmental was to pay Polu Kai Services $.60 per sq. ft.

6.

As a condition of the contract, and as a matter of law, Shaw Constructors, as principals,

and their sureties, Insurance Co. of the State of Pennsylvania, as Sureties, executed a standard

government form of payment bond to the UNITED STATES by which Defendants and Shaw

Constructors bound themselves, jointly and severally, in the sum of $63,717,515.18 to secure the

prompt payment to all persons supplying labor and material in the prosecution of the work

provided in the contract.

7.

The bond was duly accepted by the United States of America, and based on this bond and

its acceptance, the contract for the construction was awarded to Shaw Constructors, who

contracted with Compass Environmental.

8.

Thereafter and during the months of October, 2005 through March, 2006, Polu Kai

Services, at the special instance and request of Compass Environmental, performed certain work

-3-

and labor on the project that was subject of the contract.

9.

In particular, Polu Kai Services supplied all of the labor for the purpose of installing temporary roofing for residential houses devastated by Hurricane Katrina.

10.

Polu Kai Services, LLC furnished this labor for the agreed price and reasonable value of $.60 per sq. ft.

11.

The agreed terms of payment were that Compass Environmental agreed to pay Polu Kai Services upon Polu Kai's final completion of all work on the project.

12.

Polu Kai successfully completed all work associated with the subject contract on or about March 7, 2006.

13.

The labor performed by Polu Kai was required to be performed by Shaw Constructors under its contract with the UNITED STATES and was performed with the knowledge, consent, and approval of Shaw Constructors.

14.

Compass Environmental failed and neglected to pay Polu Kai Services the sum of

-4-

$178,411.95 according to its contract and within 90 days of the due date. Compass Environmental attempted to coerce Polu Kai into accepting less than the amount owed. Polu Kai Services rejected the proposal.

15.

Polu Kai Services notified Shaw Constructors of the failure of Compass Environmental to make the payment required. The notice to Shaw Constructors complied with all the rules and requirements of the statute for the perfecting of a right of action under the bond.

16.

One year has not elapsed from the date of final settlement of the contract and although due demand has been made on Shaw Constructors and all other parties named herein, no part of the sum of $178,411.95 with interest, has been paid to Polu Kai Services.

**ATTORNEY'S FEES**

18.

Polu Kai is entitled to recover its attorney's fees in relation to this suit.

19.

31 U.S.C. § 3905(j) states, "this section shall not limit or impair any contractual, administrative, or judicial remedies otherwise available to a contractor or subcontractor in the event of a dispute involving late payment or nonpayment by a prime contractor or deficient subcontract performance or nonperformance by a subcontractor."

-5-

20.

In a payment dispute between subcontractors, a party withholding payment shall be liable for reasonable attorney fees for the collection of the payments due the subcontractors and suppliers.

## PRAYER

The UNITED STATES OF AMERICA for the use and benefit of Polu Kai Services demands judgment against the Defendants:

1.    In the sum of $178,411.95;

2.    Plus interest, from March 9, 2006 at the rate of 18% percent per annum;

3.    Plus attorney's fees; and

4.    Plus an award for costs of suit.

Respectfully submitted,

**SOREN E. GISLESON**, La. Bar No. 26302
**JOSEPH E. "JED" CAIN**, La. Bar No. 29785
**HERMAN, HERMAN, KATZ & COTLAR, LLP**
201 St. Charles Ave., Suite 4310
New Orleans, LA 70170
Telephone: (504) 581-4892
Fax No.: (504) 561-6024

-6-

**BLAYNE SCOTT TUCKER**, Tx. Bar No. 24047745
1338 Tipperary
Grapevine, TX 76051
Telephone: (817) 401-7771
Fax No.: (817) 796-1165

**ATTORNEYS FOR PLAINTIFF**