UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

POLU KAI SERVICES, LLC                                CIVIL ACTION

VERSUS                                                 NO. 06-10708

INSURANCE COMPANY OF THE STATE                         SECTION "L" (1)
OF PENNSYLVANIA

## ORDER & REASONS

Before the Court is Insurance Company of the State of Pennsylvania's ("Defendant") Motion to Stay this Proceeding (Rec. Doc. 10). For the reasons stated on the record during oral argument, and for the following reasons, the Defendant's motion is DENIED.

I.   BACKGROUND

Following Hurricanes Katrina and Rita, the United States Army Corps of Engineers contracted with Shaw Environmental, Inc. ("Shaw") to install temporary roofing throughout the city of New Orleans. This effort is known locally as the "Blue Roof Project."

Shaw entered into work agreements with a number of subcontractors, one of which was Compass Environmental, Inc. ("Compass"). Compass, in turn, subcontracted a portion of its work to Polu Kai Services, LLC ("Plaintiff").

Shaw and the Defendant executed a standard government form payment bond to the United States by which they bound themselves, jointly and severally, in the sum of $63,717,515.18 to secure the prompt payment to all persons supplying labor and material in the prosecution of the work on the project.

Sometime between October 2005 and April 2006, a dispute arose between Compass and

1

Polu Kai regarding work performed under the subcontract. Polu Kai claims that Compass did not pay in full (at $0.60/sq. ft) and made a demand for approximately $178,000. Compass asserts that Polu Kai failed to perform as required under the subcontract, and therefore is not owed additional monies.

Compass filed suit against Polu Kai on May 26, 2006 in state court in the Circuit Court of Cook County, Illinois, alleging that Polu Kai failed to adequately perform under the subcontract. Compass points to a "forum selection" clause in the terms and conditions of various purchase orders issued to Polu Kai which states that "[v]enue for any litigation arising out of this Order, including suits for payment, shall be in the State of Illinois. . . . Any dispute regarding the terms and conditions of this Order . . . shall be determined in accordance with the rules and laws of the State of Illinois." (Def.'s Mot. to Stay Ex. A.) Polu Kai disputes the validity of this forum selection clause, arguing that it never agreed to litigate in Illinois.[1] While the existence of a valid forum selection clause may be dispositive of the instant litigation, this issue is not presently before the Court. Indeed, Compass and Polu Kai are currently litigating the validity of the forum selection clause in the Illinois courts.[2]

Polu Kai subsequently filed suit in this Court on November 29, 2006, against Insurance Company of the State of Pennsylvania alleging that it is entitled to payment of approximately

---

[1] The forum selection clause was apparently printed on the reverse side of the Compass purchase orders along with the other terms and conditions. Polu Kai argues that it saw the clause for the first time when it was attached as an exhibit to Compass's state court petition.

[2] The Illinois trial court denied Polu Kai's motion to quash service for want of personal jurisdiction, and the First Judicial District Appellate Court in Illinois denied Polu Kai's petition for leave to appeal. Polu Kai informs this Court that it has appealed this decision to the Illinois Supreme Court.

$178,000 under the subcontract for work performed on the Blue Roof Project and seeking to proceed against the performance bond. Polu Kai's federal suit against the payment bond is premised on the Miller Act, 40 U.S.C. § 3133, which allows anyone who has furnished labor or material to bring a civil action on a payment bond for the amount unpaid at the time the civil action is filed.

## II.     PRESENT MOTION

The Defendant has filed a motion to stay this proceeding pursuant to the *Colorado River* doctrine in light of the parallel state court litigation in Illinois. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

Polu Kai argues that it is an SBA-certified minority contractor with limited resources, and that this explains the delay in filing in federal court. Polu Kai argues that the federal case is different from the state court suit, and that this case should not be stayed while Polu Kai languishes awaiting payment for work it did over a year ago.

## III.    LAW & ANALYSIS

This Court may abstain from the exercise of jurisdiction to promote wise judicial administration, conservation of judicial resources, and comprehensive disposition of actions when concurrent proceedings exist. See *Colorado River*, 424 U.S. at 817. However, abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly placed before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959). As such, the use of the doctrine is the exception as opposed to the rule. *Colorado River*, 424 U.S. at 813.

### A.     Parallel Proceedings?

Abstention under the *Colorado River* doctrine requires an initial showing that the state and federal court proceedings are "parallel." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990). Actions are parallel when they involve the same parties and the same issues. *See Republicbank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). However, there "need not be applied in every instance a mincing insistence on precise identity" of the parties and issues. *Id.*

Here, the state and federal actions are parallel. Both cases revolve around the same factual and legal issue, namely whether Polu Kai is entitled to additional monies under its contract with Compass as a result of work performed on the Blue Roof Project. Polu Kai is the defendant in the state court suit, and the plaintiff in this suit. While Compass (the state court plaintiff) is not a party in this action, the Defendant in this case, Insurance Company of the State of Pennsylvania, does have the benefit of Compass's defenses (given its status as a surety). The presence of additional issues in the state-court litigation (namely whether Polu Kai has breached a verbal settlement agreement it allegedly reached with Compass) does not destroy the parallel nature of these suits.

### B.     *Colorado River* factors

The *Colorado River* doctrine next requires an examination of a variety of factors in order to determine if exceptional circumstances exist that justify a decline of jurisdiction. These factors include: (1) whether either court has assumed jurisdiction over a *res*; (2) the relative inconvenience of the forums; (3) whether piecemeal litigation can be avoided; (4) the order in which the state and federal courts obtained jurisdiction; (5) whether and to what extent federal

law provides the rules of decision on the merits; and (6) whether the rights of the party invoking federal jurisdiction can be protected in state proceedings. *Colorado River,* 424 U.S. at 817-19; *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999).

"No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 818-19. In assessing whether abstention is warranted, the federal court must keep in mind that "the balance [should be] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

### i. *Assumption by Either Court of Jurisdiction Over a* **Res**

Neither this Court nor the state court has exercised jurisdiction over any *res* or property, indeed, this litigation does not involve any *res*. However, the absence of this factor is not neutral. Rather, the absence of this factor weighs against abstention. *Murphy*, 168 F.3d at 738.

### ii. *Relative Inconvenience of the Forums*

The Defendant argues that the Illinois forum is not inconvenient because, pursuant to the forum selection clause, the parties agreed to litigate in that forum. As noted above, it is not yet clear whether the parties agreed to litigate in Illinois. Moreover, Polu Kai argues that it has no contacts with Illinois and that all of the relevant witnesses and evidence are located in Louisiana and Texas. Thus, it appears that this forum is more convenient than Illinois, and that this factor weighs against abstenion. *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185 (5th Cir. 1988) (noting that the inconvenience factor primarily involves the physical proximity of the federal forum to the evidence and witnesses).

### iii.  *Avoidance of Piecemeal Litigation*

When there is not complete identity of the parties and issues, the avoidance of piecemeal litigation and resultant inconsistent rulings are appropriate factors to be examined. *See Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006). Here, Polu Kai's federal action is primarily duplicative of the state court litigation. Although a plea of *res judicata* after the completion of the state court suit could reduce the possibility of inconsistent judgments, as the litigation currently exists this factor favors abstention. *Id.*

### iv.  *Order in Which Jurisdiction Was Obtained*

When examining the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21. The Illinois litigation commenced on May 26, 2006. The Plaintiff filed this federal case several months later on November 29, 2006. Although Compass's state court complaint has been answered and Polu Kai's complaint in the instant case has not, the parties inform the Court that no discovery has occurred in either forum. Accordingly, this factor weighs against abstention.

### v.  *Whether and to What Extent Federal Law Provides the Rules of Decision on the Merits*

The presence of a federal law issue must always be a major consideration weighing against surrender of jurisdiction. *See Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1193 (5th Cir. 1988). Here, Polu Kai's instant suit is based on the federal Miller Act. However, the Defendant argues that this federal law issue concerns the accessory obligation created by the bond and that to succeed on the Miller Act claim, Polu Kai must still demonstrate that it is entitled to money owed under the principal obligation, its subcontract with Compass. While this

may be true, the presence of a federal law claim in this suit weighs against abstention.

### vi. *Adequate Protection in State Court*

This factor "can only be a neutral factor or one that weighs against, not for, abstention." *Evanston*, 844 F.2d at 1193. Accordingly, this factor does not favor abstention in this case.

## IV. CONCLUSION

A review of the *Colorado River* factors suggests that abstention is not proper in this case. All but one factor are either neutral, or weigh against, abstention. The potential of piecemeal litigation is the only factor favoring abstention, however, some piecemeal litigation is inevitable given the existence of both federal and state courts in this country.

Recognizing that abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly placed before it," *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959), IT IS ORDERED that the Defendant's motion to stay is DENIED.

New Orleans, Louisiana, this __5th__ day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE