UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| POLU KAI SERVICES, LLC | * | CIVIL ACTION |
| Plaintiff, | * | NO. 06-10708 |
| VERSUS | * | SECTION "L"<br>JUDGE FALLON |
| INSURANCE COMPANY of the<br>STATE OF PENNSYLVANIA | * | |
| | * | MAG. DIV. (1)<br>MAG. JUDGE SHUSHAN |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*

### ANSWER AND AFFIRMATIVE DEFENSES OF
### <u>INSURANCE COMPANY of the STATE OF PENNSYLVANIA</u>

NOW INTO COURT, through undersigned counsel, comes defendant, Insurance Company of the State of Pennsylvania ("Surety"), and, in response to the Complaint filed by plaintiff, Polu Kai Services, LLC ("Polu Kai" or "plaintiff"), Surety avers as follows:

### <u>AFFIRMATIVE DEFENSES</u>

*First Affirmative Defense*

The claims and causes of action asserted by plaintiff are barred, either in whole or in part, as a result of the plaintiff's failure to comply with the notice provisions and requirements under the Miller Act.

1

### *Second Affirmative Defense*

The claims and causes of action asserted by plaintiff in this forum are barred, either in whole or in part, because the plaintiff consented to a forum selection clause making Illinois the proper venue where plaintiff may advance its claims for payment.

### *Third Affirmative Defense*

The claims and causes of action asserted by plaintiffs are barred, in whole or in part, due to the plaintiff's breach of its contract with Compass Environmental, Inc. ("Compass").

### *Fourth Affirmative Defense*

The claims and causes of action asserted by plaintiffs are barred, in whole or in part, because plaintiff is not entitled to additional money under its contract with Compass.

### *Fifth Affirmative Defense*

In addition to the defenses available to defendant as surety, defendant reserves the right to assert any defenses that might be available its principal, Shaw Constructors, Inc., or to Shaw's subcontractors, including Compass.

## ANSWER

AND NOW, answering the specific allegations of the Complaint, Surety avers as follows:

1.

The allegations contained in Paragraph 1 consist of legal conclusions for which no response is required; however, Surety admits that Plaintiff purports to invoke the Miller Act.

2.

The allegations contained in Paragraph 2 consist of legal conclusions for which no response is required.

3.

Upon information and belief, Surety denies the allegations contained in the first sentence of Paragraph 3 because Polu Kai consented to the forum of Illinois. Surety denies the remaining allegations of Paragraph 3 for lack of sufficient information to justify a belief therein.

4.

Upon information and belief, Surety admits that Shaw Environmental, Inc. entered into an agreement with Compass, and Compass entered into an agreement with Polu Kai. Those agreements are the best evidence of their terms, and Surety denies the allegations of Paragraph 4 to the extent they vary from those terms.

5.

Surety denies the allegations contained in Paragraphs 5a. and 5b. for lack of sufficient information to justify a belief therein. Those agreements are the best evidence of their terms, and Surety denies the allegations of Paragraph 5 to the extent they vary from those terms.

6.

The allegations contained in Paragraph 6 constitute a legal conclusion for which no response is required; however, to the extent a response is required, Surety responds that the payment bond is the best evidence of its terms.

7.

Surety admits that the bond was accepted. Surety denies the remaining allegations contained in Paragraph 7 for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 are denied.

9.

The allegations contained in Paragraph 9 are denied.

10.

The allegations contained in Paragraph 10 are denied as varying from and/or incompletely reciting the terms of the applicable subcontract.

11.

The allegations contained in Paragraph 11 are denied as varying from and/or incompletely reciting the terms of the applicable subcontract.

12.

The allegations contained in Paragraph 12 are denied.

13.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 are denied.

16.

The allegations contained in Paragraph 16 are denied.

17.

There is no Paragraph 17 contained in plaintiff's Complaint.

18.

The allegation contained in Paragraph 18 constitutes a legal conclusion for which no response is required; however, to the extent a response is required, Surety denies the conclusion contained in Paragraph 18.

19.

The allegations contained in Paragraph 19 purport to recite a portion of 31 U.S.C. § 3905(j) for which no response is required; however, to the extent a response is required, Surety avers that 31 U.S.C. § 3905(j) is the best evidence of its terms.

20.

The allegations contained in Paragraph 20 constitute a legal conclusion for which no response is required; however, to the extent a response is required, Surety denies the conclusion contained in Paragraph 20.

The remaining allegations constitute plaintiff's prayer for relief for which no response is required; however, to the extent a response is required, Surety denies the allegations contained therein.

**WHEREFORE**, defendant, Insurance Company of the State of Pennsylvania prays that its Answer and Affirmative Defenses be deemed good and sufficient and that, after all due and legal proceedings are had herein, there be judgment in favor of defendant dismissing with prejudice the Complaint filed against it. Insurance Company of the State of Pennsylvania further prays that there be judgment in favor of defendant and against plaintiff, Polu Kai Services, LLC, together with damages, all costs of this proceeding, including attorneys' fees, and for all other general and equitable relief to which defendant may be entitled.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

BY: _____
M. DAVID KURTZ, T.A. (23821)
BRIAN M. BALLAY (29077)
201 St. Charles Ave., Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANT,
INSURANCE COMPANY of the STATE
OF PENNSLYVANIA**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using ECF system which sent notification of such filing to the following:

Mr. Soren Erik Gisleson
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue
Suite 4310
New Orleans, LA 70170

Mr. Joseph Edward Cain
Herman, Herman, Katz & Cotlar, LLP
201 St. Charles Avenue
Suite 4310
New Orleans, LA 70170

and I hereby certify that I have mailed by United States Mail, postage prepaid, the document to the following non-ECF participants:

Mr. Blayne S. Tucker
1338 Tipperary
Grapevine, Texas 76051

This the 9th day of March, 2007.

_____