UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **POLU KAI SERVICES, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-10708** |
| **INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA** | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is Insurance Company of the State of Pennsylvania's ("Defendant") Motion for Summary Judgment (Rec. Doc. 22), which has been re-urged following a short period of additional discovery. *See* Rec. Docs. 35 & 49. For the following reasons, the Defendant's motion is now DENIED.

**I.   BACKGROUND**

Following Hurricanes Katrina and Rita, the United States Army Corps of Engineers contracted with Shaw Environmental, Inc. ("Shaw") to install temporary roofing throughout the city of New Orleans. This effort was known locally as the "Blue Roof Project." Shaw entered into work agreements with a number of subcontractors, one of which was Compass Environmental, Inc. ("Compass"). Compass, in turn, subcontracted a portion of its work to the Plaintiff in this action, Polu Kai Services, LLC ("Polu Kai"). Shaw and the Defendant executed a standard government form payment bond to the United States by which they bound themselves, jointly and severally, in the sum of $63,717,515.18 to secure the prompt payment to all persons supplying labor and material in the prosecution of the work on the project.

Sometime between October 2005 and April 2006, a dispute arose between Compass and

1

Polu Kai regarding the amount of work performed under the subcontract and the outstanding amount owed. This dispute has led to two separate lawsuits. First, Compass filed suit against Polu Kai on May 26, 2006 in state court in the Circuit Court of Cook County, Illinois, alleging that Polu Kai failed to adequately perform under the subcontract. Polu Kai subsequently filed the instant suit against Insurance Company of the State of Pennsylvania in this Court on November 29, 2006, alleging that it is entitled to an additional payment of $178,411.95 under the subcontract. In this case, Polu Kai seeks to proceed against the performance bond pursuant to the Miller Act, 40 U.S.C. § 3133, which allows anyone who has furnished labor or material for certain public construction projects to bring a civil action on a payment bond for the amount unpaid at the time the civil action is filed.[1]

**II.   PRESENT MOTION**

On July 31, 2007, the Defendant filed a motion for summary judgment seeking dismissal of Polu Kai's claims. The Defendant contended that Polu Kai failed to comply with both the Miller Act's ninety-day notice provision, 40 U.S.C. § 3133(b)(2), and one-year statute of limitations, 40 U.S.C. § 3133(b)(4). Polu Kai responded that its notice and suit were timely, and that at a minimum the Defendant's motion should be denied as premature. The matter came before the Court for oral argument on August 15, 2007, at which time the Court allowed the parties forty-five days to conduct additional discovery on the issues raised by the Defendant's motion. *See* Rec. Doc. 35. That period has now expired, and pursuant to the Court's direction, the Defendant has re-urged its motion for summary judgment.

---

[1] On March 6, 2007, the Court denied the Defendant's request to stay this proceeding. *See Polu Kai Servs., LLC v. Ins. Co. of the State of Pennsylvania*, No. 06-10708, 2007 WL 716115 (E.D. La. Mar. 6, 2007).

**III.    LAW & ANALYSIS**

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion." *Gen. Universal Sys., Inc. v. Lee,* 379 F.3d 131, 137 (5th Cir. 2004).

The Miller Act, 40 U.S.C. § 3133, requires that a plaintiff who wishes to proceed on a construction bond give written notice of such intent within ninety days of the "last delivery of labor or material."  *Johnson Serv. Co. v. Transamerica Ins. Co.*, 485 F.2d 164, 173 n.6 (5th Cir. 1973).  If timely notice is given, then the plaintiff must also file suit within one year of that same point in time, that is, within one year of the "last delivery of labor or material."  *Id.*  "The requirement that notice must be given to the principal contractor within the ninety-day period is mandatory and is a strict condition precedent to the existence of any right of action upon the principal contractor's bond."  *United States ex rel. John D. Ahern Co., Inc. v. J.F. White Contracting Co.*, 649 F.2d 29, 31 (1st Cir. 1981); *see also United States ex rel. Tri-State Boring, Inc. v. Raytheon Serv. Co.*, No. 96-3887, 1997 WL 736926 (E.D. La. Nov. 25, 1997).

In this case, Polu Kai gave notice on May 12, 2006 and filed suit on November 29, 2006.  But the parties dispute the date of "last delivery of labor or material."  The Defendant contends

that Polu Kai's last day of work was November 18, 2005, and thus that notice was due by February 16, 2006, and that suit had to be filed by November 18, 2006. Accordingly, the Defendant argues that Polu Kai's May 12, 2006 notice and November 29, 2006 suit were untimely. Polu Kai contends that it continued to do incidental work under the subcontract until March 7, 2006 and that its notice and suit were therefore timely.

Courts have strictly construed the Miller Act deadlines, holding that the relevant "last date" is "the date on which [plaintiff] last physically worked or supplied materials, regardless of the expectations of the parties or circumstances surrounding the termination of the work." *Id.*; *see also Gen. Ins. Co. of Am. v. Audley Moore & Son*, 409 F.2d 1326, 1327 (5th Cir. 1969) ("Labor furnished in the prosecution of the work is not co-terminous with the outer limits of all duties provided by the contract."). However, based on the limited factual record at this stage of the litigation, the Court finds that genuine factual disputes exist with respect to the date on which Polu Kai last physically worked on, or supplied materials for, the Blue Roof Project, and that summary judgment is therefore inappropriate.[2]

## IV.   CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED that the Defendant's re-urged Motion for Summary Judgment (Rec. Doc 22) is DENIED.

New Orleans, Louisiana, this __19th__ day of December, 2007.

                                                          UNITED STATES DISTRICT JUDGE

---

[2] Based on this finding, the Court need not consider at this time Polu Kai's alternative argument that the Defendant should be equitably estopped from asserting its Miller Act defenses.